United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 7, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30679
Summary Calendar

JAMES K. HARRIS, Executor of the Estate
of Jennifer Harris,

Plaintiff-Appellee,

versus

GAMBLE GUEST CARE CORP.; GAMBLE GUEST
CARE CORP. EMPLOYEE BENEFIT PLAN; EMPLOYEE
BENEFITS SERVICES, INC.,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:01-CV-264
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gamble Guest Care Corporation ("Gamble"), Gamble Guest Care

Corporation Employee Benefit Plan ("Plan"), and Employee Benefits

Services, Inc., appeal the district court's ruling in favor of

Jennifer Harris on her claim for health benefits from an Employee

Retirement Income Security Act of 1974 ("ERISA") governed

employee welfare benefit plan; 29 U.S.C. § 1001 et seq. This

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

court reviews Gamble's denial of Harris's claim for benefits for abuse of discretion. See Threadgill v. Prudential Securities Group, Inc., 145 F.3d 286, 292 (5th Cir. 1998).

The appellants argue that their interpretation of the Plan to require Harris to be "actively at work" on February 1, 2000, was legally correct. However, their interpretation of the Plan was legally incorrect because the Plan did not contain an "actively at work" requirement and because the correct eligibility date was January 1, 2000. See Wildbur v. ARCO Chemical Co., 974 F.2d 631, 637-38 (5th Cir. 1992). Furthermore, Gamble's interpretation of the Plan and its denial of benefits to Harris were an abuse of discretion. See id.

The appellants also argue that the district court should not have awarded Harris attorneys' fees. However, the district court did not abuse its discretion in awarding Harris attorneys' fees. See Iron Workers Local No. 272 v. Bowen, 624 F.2d 1255, 1266 (5th Cir. 1980).

Therefore, the district court's ruling in favor of Harris and its award of attorneys' fees to Harris are AFFIRMED.